10 Ariz. App. 95 (1969)
456 P.2d 415
Johnnie Lee WASHINGTON, Appellant,
v.
The STATE of Arizona, Appellee.
No. 2 CA-CIV 621.
Court of Appeals of Arizona.
July 9, 1969.
Rehearing Denied September 5, 1969.
*96 Johnnie Lee Washington, in pro. per.
Gary K. Nelson, Atty. Gen., Phoenix, Thomas M. Tuggle, Asst. Atty. Gen., Phoenix, for appellee.
KRUCKER, Judge.
This is an appeal from an order of the Superior Court of Pinal County denying an application for a writ of habeas corpus to appellant, Johnnie Lee Washington. The sole question for determination before this court is the starting date of appellant's sentence to the Arizona State Prison. He was sentenced from the Maricopa County Superior Court in two different actions involving two separate informations and two separate sentencings.
The background and facts of the case are briefly stated as follows. In Maricopa County Cause No. 46761, appellant was adjudged guilty of first degree burglary and placed on probation. The probation was revoked July 7, 1966, and appellant was sentenced to not less than three nor more than five years, sentence to date from July 7, 1966. Later, in Maricopa County Cause No. 52975, appellant entered a plea of guilty to the crime of forgery and was sentenced on December 4, 1967, to a prison term of not less than four nor more than five years, the sentence to date from December 4, 1967. The trial judge stated that this sentence was to run concurrently with the sentence imposed in Cause No. 46761.
The exact language used by the trial judge in the judgment and sentence entered on the 4th of December, 1967, is as follows:
"IT IS THE JUDGMENT AND SENTENCE OF THE COURT, that the defendant be incarcerated in the Arizona State Prison, at Florence, Arizona for a term of not less than Four (4) years, nor more than Five (5) years, to run concurrently with the sentence imposed in Cause No. 46761 of this Court, and this sentence shall begin as of this date. * * *"
It is appellant's contention that since the two sentences are stated to be concurrent, the sentence in Cause No. 52975 commencing December 4, 1967, should date back to July 7, 1966, the starting date of the sentence in Cause No. 46761. On October 7, 1968, this court dismissed an appeal in this action concluding that it was clear that the sentence in Cause No. 52975 should commence on the date stated, December 4, 1967, and that the petition for a writ of habeas corpus had failed to state a claim for relief following State ex rel. Pontius v. Rigg, 251 Minn. 164, 86 N.W.2d 726 (1957). Appellant then applied to the Arizona Supreme Court and that Court reinstated the appeal. *97 The case is now at issue, all briefs and documents having been filed with this court.
A.R.S. § 13-1652 provides in part:
"The term of imprisonment fixed by the sentence commences to run only upon actual delivery of defendant at the place of imprisonment, or from the time fixed by the court as the time when the term of imprisonment begins." (Emphasis supplied.)
Rule 338, Rules of Criminal Procedure, 17 A.R.S., provides:
"When the sentence imposes imprisonment, it shall state the date at which the imprisonment is to begin."
The language used by the trial court is as clear as the language used in Bidgood v. State ex rel. Eyman, 6 Ariz. App. 314, 432 P.2d 280 (1967). The trial judge here clearly indicated by his language that he did not want the sentences to be consecutive, and that as there were two separate, independent causes, he wanted the latter sentence to start from the date of sentencing, i.e., December 4, 1967.
A concurrent sentence is one which runs simultaneously with another. 21 Am.Jur.2d Criminal Law § 547. It is distinct from those sentences which run only after prior sentences have been completed. Concurrent sentences which run simultaneously do not necessarily end and begin at the same time. In fact:
"* * * it is beyond the power of the court to date the sentence to begin before imprisonment * * * and even before the crime was committed * * *". 24 C.J.S. Criminal Law § 1581b.
We believe these sentences were to run simultaneously but the second sentence commenced December 4, 1967. The order denying the writ of habeas corpus is affirmed.
MOLLOY, C.J., and HATHAWAY, J., concur.