Commonwealth *v.* Schartner, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

petition for reargument refused May 2, 1974.

*John E. Good, Jr.,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This appeal involved an order of the Court of Common pleas of Dauphin County denying in part the applicant's petition for correction of sentence by allowing him time served.

August E. Schartner, Jr., the appellant-defendant, was arrested on March 4, 1966, on a charge of aggravated robbery. He remained in prison until April 1, 1966, and on July 30, 1966, he was arrested by Federal authorities in Oklahoma on a Federal charge and incarcerated. Bail was set by the Federal court on this charge at $1,000.00. However, a Dauphin County detainer without bail was lodged against him on the aggravated robbery charge and he remained in prison.

On August 10, 1966, he was found guilty of aggravated robbery by a jury in Dauphin County. On August 20, 1966, he was remanded back to the Federal authorities. On September 5, 1967, the appellant was sentenced to serve 7-14 years in prison on the aggravated robbery. Later, he was convicted on the Federal charge.

The appellant now claims that he should be credited for the time he served in prison prior to his sentence on September 5, 1967.

The Act of August 14, 1963, P. L. 841, §1, 19 P.S. 898, provides for credit to be given towards the serving of a sentence, including any time spent in custody on an offense prior to the entry of bail. However, no credit is to be given a defendant for time spent in custody on another offense. *Commonwealth ex rel. Bleecher v. Rundle,* 207 Pa. Superior Ct. 443, 217 A. 2d 772 (1966).

In the instant case, the court below gave him credit for 27 days for the time spent in custody from March 4, 1966, to April 1, 1966. However, he should also be given credit for the time spent in jail from July 30, 1966, the date of his arrest by federal authorities, until

September 5, 1967. This credit is warranted under 19 P.S. 898 because the Federal offense for which he was arrested was bailable and bail was fixed at $1,-000.00. He was unable to obtain his freedom on bail because of the detainer lodged against him by Dauphin County on the aggravated robbery charge which resulted in his retention in custody so that although his confinement was due to another crime, the retention was the result of the Dauphin County crime and he should be credited for that time.

The order is reversed and remanded for correction in accordance with this opinion.

JACOBS, J., dissents.