## Commonwealth v. Goetter

*Bert M. Goodman, Assistant District Attorney,* for Commonwealth.

*John J. Kerrigan, Jr.,* for defendant.

TREDINNICK, *J.,* February 19, 1976 — Defendant has filed a Post Conviction Hearing Act petition, asserting that he is entitled by statute to a credit of 321 days on a sentence imposed by this court. Contentions that his counsel was incompetent and that his plea of guilty was unlawfully induced were withdrawn.

The facts of the matter were stipulated. Thus, no hearing was necessary.

On October 24, 1974, defendant entered a negotiated plea of guilty to four bills of indictment, and was sentenced in accordance therewith to a fine of $1,000, and imprisonment for not less than two nor more than seven years. One of the terms of the plea agreement was that the sentence commence on that date, October 24, 1974. It was so ordered.

Defendant was initially arrested on Bucks County charges in that county on October 4, 1973. He was committed to the Bucks County Prison in lieu of $10,000 bail. Montgomery County authorities lodged a detainer against him on these charges and bail set thereon at $15,000. It would have been possible for defendant to have posted bail on the Bucks County charges, as his mother owned real estate of sufficient net value for that purpose. However, there were insufficient resources available to defendant to have also posted bail on the Montgomery County charges. Defendant, therefore, posted bail in neither jurisdiction and remained incarcerated in Bucks County. On August 21, 1974, he entered a plea of guilty in Bucks County and was sentenced to not less than one nor more than three years in the Bucks County Prison. The date of commitment was specified as October 4, 1973. As noted above, later, on October 24, 1974, defendant was sentenced on his plea in this county.

Defendant contends that in this factual situation, he is entitled to credit on this sentence for time served in Bucks County from the date of his arrest on October 4, 1973, until the date of his sentence in Bucks County, August 21, 1974, a total of 321 days. The rationale is that, since he could have made bail in Bucks County, it was the Montgomery County charge which held him in custody, and

he was thus "in custody on this offense" and is, therefore, entitled to credit under the provisions of the Act of August 14, 1963, P. L. 841, sec. 1, 19 P.S. §898.

Two of the cases cited by defendant in support of his contention are worthy of examination. In Commonwealth v. Schartner, 227 Pa. Superior Ct. 401, 323 A. 2d 237 (1974), defendant was arrested by Federal authorities in Oklahoma. Bail was set at $1,000. A detainer was lodged by Dauphin County "without bail." Defendant was ultimately returned to Pennsylvania and sentenced on State charges to a lengthy prison term. Defendant claimed credit for the considerable period of time he was in physical custody of Federal authorities. The court held that, since no bail was set on the Pennsylvania charges, whereas bail had been set by Federal authorities, defendant's incarceration "was the result of the Dauphin County crime" and must be credited to its sentence: Id., at 403. In Commonwealth v. Bortner, 230 Pa. Superior Ct. 64, 326 A. 2d 622 (1974), defendant was arrested on warrants issued by both Mercer County, Pa., and Ohio authorities. The arrest took place in Ohio and defendant remained incarcerated there for some time. Ultimately, all charges in Ohio were dismissed, and defendant was returned to Mercer County, where he was sentenced. He claimed credit for the Ohio time on the theory that he could have made bail there, but was held because of the Pennsylvania charges. Since the latter allegation had apparently not been the subject of an inquiry by the lower court, the matter was remanded for a factual resolution of the issue.

These cases at first blush appear to argue strongly for defendant's position in the present case. The Bortner case is clearly distinguishable,

however, and the Schartner case is ambiguous in its application to the present factual situation. As to Bortner, it will be noted that defendant there was not ultimately convicted in Ohio; thus, obviously, his time there was not counted on any Ohio sentence. In Schartner, the opinion does not reveal whether that defendant's time in Federal detention was credited to a Federal sentence.

In the present case, as we have noted, defendant's time in Bucks County Prison was credited to his Bucks County sentence. The date of commitment on that sentence was October 4, 1973. But for that fact, we would be quite prepared under the cited cases to direct that defendant receive credit. However, since he has already been credited with that time on the Bucks County sentence, by operation of law, i.e., by judgment of sentence, his incarceration during that period was for that offense, and not for the Montgomery County offense. Credit may be given only when the period of incarceration is "on this offense.": 19 P. S. §898.

The petition must be and is, therefore dismissed.