Clyde **UMPHENOUR,** Appellant,

v.

**STATE of Missouri,** Respondent.

No. KCD 28058.

Missouri Court of Appeals, Kansas City District.

March 29, 1976.

Thomas M. Larson, Public Defender, Sixteenth Judicial Circuit, Douglas N. Merritt, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

The sole question is whether appellant is entitled to have credited upon his 10 year sentence entered upon his plea of guilty to voluntary manslaughter in Jackson County 351 days of jail time spent in Clay and Andrew Counties on a charge unrelated to that in Jackson County.

It is stipulated that the findings of fact of the trial court found in connection with its overruling of appellant's Rule 27.26 motion to modify the 10 year sentence are correct. Those facts are these: Appellant was "arraigned" by a Jackson County Magistrate on July 29, 1970, upon a charge of murder in the first degree, and a $6,000 bond was posted by the A & M Bonding Company. Appellant was immediately taken into custody and an agent of Freedom Bonding Company of Liberty, Missouri, surrendered him to the Clay County sheriff that same day, and he was confined on a charge unrelated to that pending in Jackson County. Arraignment in Jackson County was set for August 9, 1970, but because of the Clay County incarceration, appellant was unable to appear, "and thus forfeited his bond with A & M Bonding Company." "7. Movant chose not to post bond in Clay County because he was being detained by the forces of the Jackson County detainer."

Appellant remained in the Clay County facility from July 29, 1970, until April 6, 1971, a total of 253 days, after which he was transferred to the Andrew County jail at Savannah upon a change of venue of the Clay County charge. No action was taken on the Clay County charge during this time, and it was finally dismissed on March 8, 1972.

On July 26, 1971, on a Writ of Habeas Corpus Ad Prosequendum, appellant was returned to Jackson County to stand trial on the first degree murder charge, which charge was subsequently reduced to voluntary manslaughter, to which appellant entered a plea of guilty. The court sentenced appellant to 10 years in the Department of Corrections, and pursuant to § 546.615, RSMo 1969 (amended by Laws 1971, p. 470, § 1), credited him with 197 days only as jail time served in Jackson County from July 26, 1971, to February 7, 1972, the date he was delivered to Jefferson City. Appellant filed his pro se Rule 27.26 motion on November 13, 1973, alleging that the court "erred in refusing to credit him with the *362* days jail time served in Clay and Andrew Counties while being held pursuant to a Jackson County detainer based on a charge for which he was sentenced." This motion and an amended pro se motion were overruled.

The general rule is, as the trial court concluded, that a prisoner is not entitled to credit for jail time spent on an offense unrelated to the one for which he is convicted and sentenced. The writer of the article "Presentence Confinement and the Constitution: The Burial of Dead Time", 23 Hastings Law Journal 1041 (April 1972), notes the exception in several places. He begins: "The major thesis [of the article] is that all prisoners serving sentences in any jail or prison in the United States are constitutionally entitled to full credit for each day of presentence confinement *served in connec-*

*tion with the crime for which they have been sentenced.*" Then, at page 1045, he notes, "Other statutes [such as Missouri's § 546.615] do not expressly mention a need for causal connection between the original charge and the ultimate sentence, but such a provision would seem reasonably to be implied." Expanding this proposition at page 1080, the author says, "Obviously a prisoner should not be given credit for time that bears no relation to his current sentence. If a prisoner could 'bank' time previously served in connection with offenses for which he was not convicted, or where his conviction was invalidated, and he would apply that time against a later offense, the

> result [would be] something in the nature of a license to commit some anti-social act or acts, the extent or scope of the license measured by the amount of time the defendant has in the 'bank'." [First bracketed material and italics added.]

Cases which hold that credit for jail time on an unrelated charge is not allowable include these: *Bernoff v. Amoroso*, 188 Misc. 845, 65 N.Y.S.2d 810, 813[3–5] (Sup.Ct. 1946), where it was said, "Obviously, the time spent in jail prior to conviction must, at least, bear an intimate and substantial relationship to the crime for which such person is subsequently convicted. *People ex rel. Melick v. Jennings*, 132 Misc. 197, 229 N.Y.S. 188; 1933, Op.Atty.Gen. 536 quoted with apparent approval in *People ex rel. Montana v. McGee*, Sup., 16 N.Y.S.2d 162, 165. It follows necessarily that the imprisonment prior to conviction must be based upon a charge which subsequently matures in conviction and sentence." See also *State v. Holmes*, 108 R.I. 579, 277 A.2d 914, 916 (1971); *State v. Savastano*, 315 A.2d 66, 68 (R.I.1974); and *Byrd v. State*, 65 Wis.2d 415, 222 N.W.2d 696, 699 (1974), cited by the state. *Trigg v. State*, 523 S.W.2d 375, 376[2, 3] (Tenn.Cr.App.1975); and note *Ex Parte Alvarez*, 519 S.W.2d 440, 443 (Tex.Cr.App.1975), holding [under the Texas statute which provided that a defendant shall be given credit by the court in which convicted for jail time spent *in said cause*] that time served in jail in Harris County on a charge for which he was arrested therein after being "bonded out" of Nueces County, was not, in respect to a conviction in Nueces County, time spent in jail in said cause. But note further, as the significant fact in the case at bar, what the *Alvarez* court said, "Unless there was some communication *or hold* sent to the Harris County custodian, there would be no change in the basis of his confinement." (Italics added.) Other cases applying the general rule noted above are: *Anglin v. State*, 525 P.2d 34, 39 (Nev.1974); *State v. Council*, 137 N.J.Super. 306, 349 A.2d 71, 72[2] (1975); and of interest is the case of *Lawrence v. State*, 306 So.2d 561 (Fla.App.1975), where under the express terms of the Florida statute it was held that the defendant should have been given "credit for *all* of the time spent in jail between the date of his arrest and the date of his sentence even though such time may have related to *other* charges. However, it is important to point out that a defendant will be given credit only *once* for the total time spent prior to sentencing; if he is sentenced on another charge by the same or another judge duplicate jail time cannot be given."

■ Absent some fact showing that the sentencing jurisdiction participated in the incarceration of a defendant on charges in another jurisdiction, this state will undoubtedly follow the general rule of disallowance of jail time on an unrelated charge, thus avoiding the possibility of "banked" jail time commented upon in the Hastings Law Journal, supra. Under the particular facts of this case, however, it must be held that appellant's incarceration in Clay County was occasioned by the joint actions of Clay and Jackson Counties—Clay County by reason of its charge, and Jackson County authorities by reason of the detainer issued, which was the reason appellant chose not to make bond in Clay County. Obviously, to do so would have been futile. His Jackson County bond had been forfeited, and he would have been subject to being picked up by Jackson County authorities.

■ Although the factual situation of incarceration by federal authorities when a

state detainer had been issued would not be applied in this state because of the recent opinion, *Hawkins v. Lauf*, 532 S.W.2d 459 (Mo. banc 1976) [Handed down February 9, 1976], the reasoning in *Commonwealth v. Schartner*, 227 Pa.Super. 401, 323 A.2d 237 (1974), applies here. There, appellant was arrested on March 4, 1966, for aggravated robbery, and remained in prison in Dauphin County until April 1, 1966. On July 30, 1966, he was arrested in Oklahoma on federal charges and incarcerated, bail being set at $1,000. A Dauphin County detainer was lodged against him and he remained in prison. He claimed that he was entitled to credit for time served prior to his sentence on September 5, 1967. The *Schartner* court noted that under the jail time credit statute no credit was to be given for time spent in custody on another offense, but allowed the credit saying, "He was unable to obtain his freedom on bail because of the detainer lodged against him by Dauphin County on the aggravated robbery charge which resulted in his retention in custody so that although his confinement was due to another crime, the retention was the result of the Dauphin County crime and he should be credited for that time." Here, there was effected a change in the basis of appellant's confinement in Clay County by reason of the Jackson County detainer. *Alvarez,* supra. Therefore, the Clay County incarceration must be said to be related to the Jackson County conviction and sentence, and appellant should be credited with that jail time.

The judgment is reversed and the case remanded with directions to grant credit for the time spent in jail by appellant between July 29, 1970, to July 26, 1971, and that a certified copy of the order made thereon be forwarded to the Department of Corrections of Missouri.

All concur.