STATE of Missouri, ex rel. David BLACK-WELL, Missouri Division of Corrections, and Frederick Zimmerman, Director, Dismas House, Relators,

v.

The Hon. James L. SANDERS, Judge of the Circuit Court of City of St. Louis, Missouri, Division XIII, Respondent.

No. 43681.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 17, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Application to Transfer Denied
June 8, 1981.

Paul Robert Otto, Steven W. Garrett, Attys. Gen., Jefferson City, for relators.

Robert Babione, Public Defender, Sara T. Harmon, Asst. Public Defender, St. Louis, for respondent.

SMITH, Judge.

This matter is before us on a writ of prohibition. We issued our preliminary writ which we now make absolute. The matter presents the interpretation to be given to Sec. 558.031.1, RSMo 1978, when concurrent sentences are imposed for offenses unrelated in time. Specifically, the question is the allowance of "jail time" in that situation.

The facts here are not in dispute. Alan Quinn was arrested and confined on April 28, 1976, for a stealing offense. On April 22, 1977, following a plea of guilty, Quinn was sentenced to two years imprisonment, the execution of which was suspended and a probation of five years imposed. On May 6, 1980, Quinn was arrested and confined on an assault charge. On July 3, 1980, the probation on the stealing offense was revoked and the two year sentence executed. On the same day, Quinn pleaded guilty to the assault charge and was sentenced to two years imprisonment. That sentence was made concurrent to the stealing sentence. On July 10, 1980, Quinn was delivered to the Division of Corrections.

The division credited Quinn with 426 days jail time on the stealing conviction. This consisted of 362 days while awaiting trial and sentencing for that offense and 64 days following his rearrest and confinement on the assault charge. Such credit made Quinn eligible for release on the stealing conviction on July 10, 1980.[1] The division credited Quinn with 64 days jail time on his assault conviction and determined his conditional release date as September 7, 1981.

On November 13, 1980, Quinn filed an application for a writ of Habeas Corpus in the Circuit Court of St. Louis challenging

---

1. This release date includes other allowed credits.

the Division's failure to give him credit on the assault sentence with 362 days jail time served while awaiting trial and sentencing on the stealing conviction. Respondent (now defendant, Rule 97.02) indicated his intention to issue the writ and order Quinn released. Relator, (now plaintiff) the director of the Division of Corrections sought our preliminary writ of prohibition which we issued on December 9, 1980.

Sec. 558.031.1 reads as follows:

*Calculation of terms of imprisonment— credit for jail time awaiting trial.*—1. A person convicted of a crime in this state shall receive as credit toward service of a sentence of imprisonment all time spent by him in prison or jail both because awaiting trial for such crime and pending transfer after conviction to the division of corrections or the place of confinement to which he was sentenced. Time required by law to be credited upon some other sentence shall be applied to that sentence alone, except that

(1) Time spent in jail or prison awaiting trial for an offense because of a detainer for such offense shall be credited toward service of a sentence of imprisonment for that offense even though the person was confined awaiting trial for some unrelated bailable offense; and

(2) Credit for jail or prison time shall be applied to each sentence if they are concurrent.

The dispute revolves around the meaning of paragraph 1.(2). There are no cases which have interpreted this statute in the context now presented.

Defendant contends that the exception contained in paragraph 1.(2) was intended to eliminate the disparity in treatment between indigent defendants who could not post bond and non-indigent defendants who could. It is contended that in order to achieve that purpose the exception must be interpreted to require that Quinn receive credit for all of his jail time on both sentences. If he does not receive such credit of fourteen months (1 year approximately on the stealing confinement and 2 months on the assault and probation revocation con-

finement) it is argued that he will be treated in a disparate way from a hypothetical non-indigent in the same situation who would serve a total of only two years while Quinn was serving three years. Plaintiff, on the other hand, contends that the "jail time" which is to be credited is limited by the first sentence of the section to the time in jail while awaiting trial for "such" crime and that exception (2) requires credit for the same jail time on concurrent sentences only if there is a relationship between the jail time served and the crime to which it is to be credited. On the face of the statute, either interpretation has a certain plausibility. It is our conclusion that the interpretation urged by the Division of Corrections more nearly comports with the purpose of the statute.

In arriving at the conclusion, we note several things. The first sentence of the section specifically states that the jail time to be credited is that which occurs while awaiting trial (or after conviction awaiting transfer) for *such* crime. The general rule therefore appears to be that jail time is allowed on the sentence arising from the crime for which the defendant was held in jail, or as stated negatively in *Umphenour v. State*, 535 S.W.2d 579, 580[1] (Mo.App. 1976):

"The general rule is, as the trial court concluded, that a prisoner is not entitled to credit for jail time spent on an offense unrelated to the one for which he is convicted."

As pointed out in that case, a different rule would allow a prisoner to "bank" jail time for use at a later time and would constitute a "license to commit some anti-social act or acts, the extent or scope of the license measured by the amount of time the defendant has in the 'bank.'" *Umphenour v. State, supra,* [1] quoting from "Presentence Confinement and the Constitution: The Burial of Dead Time," 23 Hastings Law Journal 1041 (April 1972).

■ The second sentence of the section reaffirms this general rule and then creates two exceptions. The first exception deals

with a circumstance in which the defendant is in jail pending disposition of one charge and detainer is filed against him for another charge. He is then entitled to a credit for the time the detainer was in effect on the sentence resulting from the detained crime as well as credit against the sentence resulting from the offense for which he was originally jailed. *See* as an example *State v. Umphenour, supra.* The second exception requires that credit for jail time be applied to each sentence if they are concurrent. But it is to be noted that the second exception does not specifically say that the same amount of jail time must be applied against each of the concurrent sentences. Both exceptions, in the usual case, deal with a common problem. Normally, although certainly not exclusively, concurrent sentences occur where the defendant was arrested for more than one offense or where after initial arrest additional charges for unrelated crimes are filed. In that situation, as in exception one, it is not practically possible to separate the jail time so as to attribute it to one offense or the other. The General Assembly has provided by these two exceptions for a credit on a sentence on each of the crimes for which the defendant was held, presumably because to do otherwise would effectively deny a defendant any credit for jail time in those cases.[2] *See* as an example *King v. Wyrick,* 516 F.2d 321 (8 Cir. 1975). The pattern, therefore, of the statutory scheme supports a conclusion that credit is not intended to be given on both offenses in a concurrent sentencing situation for jail time served exclusively on only one offense.

A careful reading of exception two also reflects this intention. We have previously alluded to the absence within that exception of any reference to "the same" jail time which if intended could have been easily expressed. Further, "credit for jail or prison time" is by definition that time served while awaiting trial for *such* crime, i. e. the crime resulting in the sentence against which the credit is to be applied. Our reading and analysis of the statute and the reasons and policy behind it lead us to the conclusion that Alan Quinn is not entitled to credit on the assault sentence for the 362 days of jail time served while awaiting trial and sentence on the stealing crime.

■ We have no basic disagreement with defendant's argument that the statute was intended to eliminate, or at least reduce, disparity of treatment between indigent and non-indigent defendants. *See Hart v. State,* 588 S.W.2d 226, 227 (Mo.App.1979) [3, 4]. Nor would we disagree that the statute as we interpret it could create a disparity of result between Quinn and some hypothetical non-indigent in Quinn's exact position. But the constitutional guarantee of equal protection of the law does not guarantee equality of result but only equality of law. *Personnel Administrator of Mass. v. Feeney,* 442 U.S. 256, l.c. 273, 99 S.Ct. 2282, l.c. 2293, 60 L.Ed.2d 870 (1979). No law can always achieve perfect equality between persons similarly situated and such is not required. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, l.c. 314, 96 S.Ct. 2562, l.c. 2567, 49 L.Ed.2d 520 (1976). So long as a rational basis for the legislative enactment exists the constitutional mandate is fulfilled. *Marshall v. United States,* 414 U.S. 417, l.c. 422, 94 S.Ct. 700, l.c. 704, 38 L.Ed.2d 618 (1974). It is rational to restrict the allowance of jail time to the sentence given for the crime for which the defendant was in jail. It is not required, and may be impossible, to construct a statute dealing with this subject matter which does not create some disparity in result under some circumstance. Furthermore, the interpretation urged by defendant would create a disparity far more odious than that hypothesized. If Quinn and another indigent had committed the assault together, and the other had no previous "banked" jail time, Quinn would serve ten months of his assault sentence and the other person would serve 22 months presuming each was arrested at the same time and received the same sentence. We do not conclude that any Constitutional mandate requires, nor the General Assembly intend-

---

2. We do not deal here with the effect of Sec. 558.031.1 on consecutive sentences.

ed, that a second offender would receive more favorable treatment than a first offender simply because he is a second offender with "banked" jail time. We conclude that the Division of Corrections properly computed Quinn's jail time under the statute and that he is not entitled to a writ of habeas corpus.

Preliminary writ in prohibition made absolute.

SATZ, P. J., and SIMON, J., concur.