James W. SEEVERS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 40946.

Missouri Court of Appeals, Western District.

March 21, 1989.

Craig A. Johnston, Asst. Public Defender, Jeffrey J. Rosanswank, Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P.J., and
TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Seevers appeals denial of his motion for post conviction relief under Rule 27.26 (now repealed). The underlying conviction was for forgery. Seevers was sentenced to seven years as a persistent offender under § 558.016.3, RSMo 1986. *State v. Seevers,* 742 S.W.2d 214 (Mo.App.1987). His claims for relief are based on denial of credit for jail time spent in Texas and ineffective assistance of counsel.

There was evidence at the criminal trial Seevers presented to a Columbia grocery store a forged $350 check made payable to himself. The check and a photograph of him from the store were in evidence to the jury. The defense was an alibi—that Seevers was out of state. Prior to the argument of a new trial motion, Seevers admitted to his counsel there was no alibi and he had committed the crime. Seevers' counsel and the state entered into an agreement that the state would recommend a seven year sentence. Seevers had eleven priors.

■ Seevers now contends his attorney was derelict in failing "to put on any impeaching or rebuttal evidence that the state's eyewitness had testified at preliminary hearing that he could not identify appellant as the one who had passed the forged check...." The store employee who was handed the check, according to this point, had failed to identify appellant at the preliminary hearing, but did identify him at trial. The preliminary hearing was not transcribed.

Seevers must under the two pronged test of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), show by a preponderance of the evidence, the attorney's performance was deficient, and this deficiency prejudiced his defense. He must show the deficiency materially affected the outcome of the trial, or the evidence would have provided a viable defense. *Mountjoy v. State,* 750 S.W.2d 471, 473 (Mo.App.1988). Even if trial counsel's conduct was deficient, the admission of guilt and the evidence against Seevers would negate any finding of prejudice.

■ Appellant also contends that his sentence was unlawful and excessive because he was entitled to the time he spent in custody in Texas from December 13, 1985, to April 10, 1986, in that Boone County had placed a detainer or hold on him, and thus, he is entitled to this credit under § 558.031, RSMo 1986.

Section 558.031 reads as follows:

Calculation of terms of imprisonment—credit for jail time awaiting trial.—1. A person convicted of a crime in this state shall receive as credit toward service of a sentence of imprisonment all time spent by him in prison or jail both because awaiting trial for such crime and pending transfer after conviction to the division of corrections, or human resources or the place of confinement to which he was sentenced. Time required by law to be credited upon some other sentence shall be applied to that sentence alone, except that

(1) Time spent in jail or prison awaiting trial for an offense because of a detainer for such offense shall be credited toward service of a sentence of imprisonment for that offense even though the person was confined awaiting trial for some unrelated bailable offense....

The following events are pertinent:

| | |
|---|---|
| 5-31-85 | Missouri issues a warrant on Missouri this forgery charge. |
| 12-13-85 | He is arrested in Texas for crimes committed in Dallas. |
| 1-3-86 | After pleas he begins serving Texas forgery conviction. |
| 4-10-86 | Texas paroles Seevers to Boone County and he is transferred to Boone County Jail. |
| 7-27-86 | Boone County prosecutor files a motion to increase bond. It contains language Seevers was arrested and detained in Texas on the Missouri warrant in January, 1986. |
| 9-86 | Seevers is released from Boone County. |

This point for credit for jail time does fall within the purview of Rule 27.26 (now repealed) relief. *Hart v. State*, 588 S.W.2d 226, 227 (Mo.App.1979); *Riley v. State*, 728 S.W.2d 300, 301 (Mo.App.1987).

The problem with Seevers' point is there is nothing in the record, other than the language in Boone County's motion to increase the bond, that indicates the Texas confinement from December 13, 1985 to April 10, 1986 was for anything but Seevers' guilty plea convictions in Dallas. In this request for relief, Seevers has the burden under Rule 27.26(f) (now repealed) to show his Texas term of incarceration occurred while under a Missouri detainer. The Texas charges were totally unrelated to those in Missouri and the general rule is a prisoner is not entitled for credit on jail time spent on an unrelated offense. *Harkins v. Lauf,* 532 S.W.2d 459, 463 (Mo.

banc 1976); *State ex rel. Blackwell v. Sanders,* 615 S.W.2d 467, 469 (Mo.App. 1981); *Umphenour v. State,* 535 S.W.2d 579, 580 (Mo.App.1976). There is nothing in this record to show the arrest or detention in Texas was related to a Missouri detainer filed in Texas. Seevers has failed in the burden of proof for credit of Texas time. *State v. Weaver,* 486 S.W.2d 482, 490–91 (Mo.1972). The point is denied.

The judgment is affirmed.

All concur.