**Dennis SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 68517.

Missouri Court of Appeals,
Eastern District,
Division One.

April 16, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 22, 1996.

Dave Hemingway, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jill C. LaHue, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Dennis Smith (movant) appeals denial of his Rule 24.035 motion for post conviction relief without an evidentiary hearing. We affirm.

Movant pled guilty to robbery first degree, § 569.020 RSMo 1994, and armed criminal action, § 571.015 RSMo 1994. The court sentenced him to concurrent terms of seventeen years, and three years respectively. He timely filed a pro se motion for post conviction relief which was later amended. The motion court denied the motion without an evidentiary hearing.

Movant alleges his guilty pleas were involuntary because he was under a "mistaken belief" his new sentence would run retroactively with, and commence at the same date as a prior sentence he was already serving. Thus, he would be eligible for parole in eighteen months.

We review a denial of a motion for post conviction relief in accord with Rule 24.035(j) and *Leisure v. State,* 828 S.W.2d 872, 874 (Mo. banc 1992). When a movant alleges prejudice from a mistaken belief regarding his sentence, we look at the record of the guilty plea to find if that belief is reasonable. *McCall v. State,* 771 S.W.2d 357, 359 (Mo.App.1989).

We find movant's mistaken belief to be unreasonable. During the plea hearing the following discussion transpired:

THE COURT: [defense counsel], have you reached a plea agreement with [the prosecutor] in this cause?

[defense counsel]: Yes, Your Honor. I transmitted it to [movant].

THE COURT: And would you state the terms of that agreement for the record?

[defense counsel]: [movant], is pleading guilty pursuant to the State's recommendation of seventeen years in M.D.C., on the robbery first and three years concurrent on the armed criminal action, *and concurrently with what he's doing presently at M.D.C., which he's almost finished with.* That's my understanding.

THE COURT: [prosecutor], is that correct.

[prosecutor]: Yes, it is.

Q. [by the court]: And [movant], do you understand the terms of the plea agreement that has been entered into on your behalf by your attorney?

A. Yes.

Q. Do you have any questions about it?

A. No, sir.

THE COURT: [prosecutor], for the record, what is the range of punishment for a Class A felony.

[prosecutor]: For the Robbery First Degree the range would be a minimum of ten years; and it goes up to thirty years or life imprisonment.

The Armed Criminal Action starts at three years, *no probation, no parole,* and it goes up to life imprisonment. The defendant, also, if he were to be tried would, would be eligible to serve that time as a minimum term offender.

We have not filed such pleading yet. But if he were to go to trial we would, in fact plead that; and we would attempt to prove that he did so, he would have to serve at least forty percent of whatever sentence he received after trial.

THE COURT: [movant], did you hear that?

A[:] Yes.

Q[:] In other words, if you were to go to trial, and if a jury found you guilty on both counts, and if the State proved the necessary facts to have you sentenced as a minimum minimum (sic) term offender, it is conceivable that you could get two life sentences to run consecutively, that is back to back, and have to serve forty percent, a minimum of forty percent of that time. You understand that?

A[:] Yes.

Q[:] So, I just want to make sure that it's clear to you that the negotiated plea agreement that your attorney has negotiated for you is substantially less time than you would be exposed to if you went to trial. Agreed?

A[:] Yes, sir.

Q[:] And in summary then the State is recommending seventeen years on Count I, robbery first; and three years on Count II Armed Criminal Action to be served concurrently with each other and *concurrently with the matter upon which [movant] is presently confined....* (Our emphasis).

▮ At the time of the plea, movant was "presently confined" for possession of a controlled substance. He pled guilty to that charge on December 11, 1990. Movant's allegation is refuted by the record. He acknowledged he understood the charges against him and the state's recommendations. He acknowledged the sentences for robbery and armed criminal action would be concurrent with each other and concurrent with his prior possession charge. He understood he was given credit for time served on the possession charge, and would not receive probation or parole. He also understood that if he pled guilty he would receive substantially less time in prison than if he had gone to trial after the state amended the pleadings charging him as a prior offender. Significantly, he understood there was no possibility of probation or parole on the three year armed criminal action sentence. The hope of a lesser sentence does not make a plea involuntary. *McCall,* 771 S.W.2d at 359. Nor does the mere predication of a sentence by defense counsel render a guilty plea involuntary. *Cain v. State,* 859 S.W.2d 715, 717

(Mo.App.E.D.1993). Further, movant failed to demonstrate how he was prejudiced by the present plea agreement.

We find movant's allegation he had a "mistaken belief" that his new sentence would run retroactively with the prior sentence he was already serving, is refuted by the record and was not reasonable.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.