STATE of Missouri, ex rel. Xavier
LIGHTFOOT, Respondent,

v.

Dora SCHRIRO, et al., Appellant.

No. WD 51589.

Missouri Court of Appeals,
Western District.

June 25, 1996.

Application to Transfer Denied
Sept. 17, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Cassandra K. Dolgin, Assistant Attorney General, Jefferson City, for appellant.

Rosemary E. Percival, Assistant Appellant Defender, Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

LAURA DENVIR STITH, Presiding Judge.

Petitioner–Respondent Xavier Lightfoot is currently serving two consecutive five-year sentences in a Missouri prison for second degree burglary and stealing. He filed a Petition in Mandamus in the circuit court seeking credit on the first of these Missouri sentences for time served in jail and prison in Kansas following the filing of a detainer against him in Kansas related to the Missouri charges, but prior to his conviction on those charges.

Following review of the record the circuit judge issued a permanent writ of mandamus to the Director of the Missouri Department of Corrections and/or the Superintendent of the Western Missouri Correctional Center (hereinafter collectively referred to as "the State"). He ordered the State to give Mr. Lightfoot credit for each day served from the time of the detainer until his transfer to Missouri. While the circuit court did not make findings of fact and conclusions of law, the parties assume the court found that under Section 558.031.1(1) (as in effect from 1990 until amended in 1995), Mr. Lightfoot was entitled to credit on his first Missouri sentence for time served following the filing of the detainer and while he was in jail in Wyandotte County, Kansas on an unrelated but bailable offense, and that under Section 558.031.1(2) he was entitled to credit on that sentence once he was convicted of the Kansas offense but prior to his transfer to Missouri for trial on the Missouri charges.

The State appeals. We affirm the grant of jail time credit under Section 558.031.1(1), RSMo 1991, for the period after the detainer was filed and prior to Mr. Lightfoot's Kansas convictions but reverse the holding that Mr. Lightfoot was entitled to credit once he was convicted in Kansas. From that point on Mr. Lightfoot was not held because of the detainer and the court had no authority to make his sentence run concurrently with the portions of his Kansas sentence which he had already served prior to his Missouri convictions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or before January 25, 1990, Petitioner Lightfoot was arrested and placed in custody in the Wyandotte County, Kansas jail awaiting trial on charges of possession of a firearm, assault on a law enforcement officer, and theft, all in violation of Kansas law.

Learning that Mr. Lightfoot was in custody in Kansas, on January 25, 1990 the Clay County, Missouri Sheriff's Department lodged a detainer against Mr. Lightfoot with the Wyandotte County, Kansas Sheriff's Department. The detainer directed the department to hold Mr. Lightfoot for trial on various criminal charges, including second degree burglary and stealing, pending in Clay County, Missouri.

As a result of the detainer, Mr. Lightfoot was not entitled to bail on his Kansas offenses. He remained in jail awaiting trial on those offenses for approximately six months. He then entered guilty pleas to the Kansas charges on July 20, 1990. He began serving the resulting sentence in the Kansas Department of Corrections on July 30, 1990.

On November 29, 1990 Mr. Lightfoot filed a notice and request for disposition of the charges pending against him in Clay County, Missouri. On April 10, 1991 he was brought to Clay County, Missouri to face those Missouri charges. He pleaded guilty to those charges on May 6, 1991. On June 27, 1991, he was sentenced to a five-year term on both the Missouri burglary charge and the Missouri stealing charge. The sentences were ordered to run consecutively to each other but "concurrently to the sentence or sentences he is serving in the State of Kansas."

The meaning of the just-quoted phrase is in dispute. Everyone agrees that it means that Mr. Lightfoot's first five-year Missouri sentence was to run concurrently with the remainder of Mr. Lightfoot's Kansas sentence, beginning on April 10, 1991, the day Mr. Lightfoot was delivered to Missouri to await trial on the Clay County charges. In addition, however, Mr. Lightfoot argues that under Section 558.031.1(2), the order that the Missouri and Kansas sentences be "concurrent" also means that his first Missouri sentence is to run concurrently with the entirety of his Kansas sentence, including approximately eight months of that sentence which he had already served before being convicted of the Clay County charges.

Mr. Lightfoot attempted to raise the jail and prison credit issues in a post-conviction motion filed in Clay County circuit court. The judge indicated he believed that Mr. Lightfoot was entitled to credit on his Missouri sentence under Section 558.031.1 for each day he had been confined in Kansas after the detainer was filed and prior to his transfer to Missouri. The judge recognized, however, that under *State ex rel. Jones v. Cooksey,* 830 S.W.2d 421 (Mo. banc 1992), a sentencing judge does not have jurisdiction to impose such a credit in ruling on a post-conviction motion. Rather, a request for jail time credit must be addressed to the court in the county in which the prisoner is being held. Accordingly, the circuit court judge denied Mr. Lightfoot's motion to correct the Missouri sentence.[1]

■ Mr. Lightfoot accordingly waited until he had completed the term of his Kansas sentences and was transferred into the custody of the Western Missouri Correctional Center in DeKalb County, Missouri, and then filed his Petition in Mandamus seeking an order directing the State to credit his Missouri sentence for time served in Kansas from January 25, 1990 through April 10, 1991.[2]

In August 1995, the circuit judge below issued a writ of mandamus ordering the State to credit Mr. Lightfoot's Missouri sentence in the manner he requested. This timely appeal followed.

## II. JAIL TIME CREDIT IS DUE FOR TIME SERVED UNDER DETAINER

■ The determination of whether Mr. Lightfoot is entitled to credit for time served in Wyandotte County, Kansas jail after the lodging of the Missouri detainer on January 25, 1990 and before his conviction of the Kansas charges on July 20, 1990 is governed by Section 558.031.1(1). At the relevant time (prior to its amendment in 1995) that section stated:

A person convicted of a crime in this state shall receive as credit toward service of a sentence of imprisonment all time spent by him in prison or jail both while awaiting trial for such crime and while pending

---

1. The judge stated that his finding of a credit due for time served after the detainer was filed was made in recognition that the decisions on this issue from the Missouri courts were not clear and was made with the "thought that such findings, although not binding, might reduce controversy between the parties, and lead to voluntary changes in the record."

2. The State contends that the credit should be denied because mandamus is not a proper procedure to obtain credit on a term of imprisonment. The Missouri Supreme Court held in *Murphy v. State,* 873 S.W.2d 231, 232 (Mo. banc 1994), however, that a writ of mandamus is available to compel the executive to perform its duty to credit allowable jail time. We find it proper here.

transfer after conviction to the department of corrections or the place of confinement to which he was sentenced. Time required by law to be credited upon some other sentence shall be applied to that sentence alone, except that:

(1) Time spent in jail or prison awaiting trial for an offense because of a detainer for such offense shall be credited toward service of a sentence of imprisonment for that offense even though the person was confined awaiting trial for some unrelated bailable offense.

As is evident, the basic premise of the statute is that if a defendant is convicted of a crime, he will receive credit toward his sentence for jail time served awaiting trial for the crime. He will not, however, receive credit for jail time served which has already been credited to some other sentence unless one of the exceptions set out in subsections 558.031.1(1) or (2) is applicable.

Mr. Lightfoot says that subsection (1) is applicable to the period of time he was held in the Wyandotte County, Kansas jail from January 25, 1990, when Clay County lodged a detainer against him, until July 20, 1990, when he was convicted of the Kansas charges. He claims that this is so because the Kansas offenses for which he was being held—possession of a firearm, assault on a law enforcement officer, and theft—were all bailable offenses pursuant to K.S.A 22–2802 and Kan. Const., Bill of Rights § 9. Thus, if not for the Missouri detainer, he would have had a right to post bail until his conviction on July 20, 1990.

The State contends this is not the case. It argues that, as the Kansas charges were not factually related to the charges underlying the detainer, Mr. Lightfoot was not held in Kansas "because of the detainer," for he was being held in Kansas "because of" crimes committed in Kansas.

The State's argument was rejected in *State ex rel. Jones v. Cooksey*, 830 S.W.2d 421, 426 (Mo. banc 1992). *Jones* stated:

Whether the foreign offense is "related" to the Missouri charge is subsumed by whether the confinement is *because of* the Missouri detainer. If so, the time is creditable *even if* served awaiting trial on an unrelated bailable offense.

*Id.* at 426 (emphasis in original). In other words, so long as the Kansas offenses were bailable, then under *Jones* the prisoner is entitled to credit for jail time served while he was both awaiting trial and under the Missouri detainer.[3]

The State also suggests that Mr. Lightfoot was not held in Kansas "because of a detainer" because there is no evidence regarding his ability to "make bail" and no specific evidence that he was actually denied bail "because of" the detainer. Evidence that the prisoner actually would have had the money to "make bail" is not required by Section 558.031.1(1) or by the analysis in *Jones*, however. To the contrary, a key purpose of Section 558.031.1 is to ensure that indigent defendants who do not have the money to post bail do not, because of their indigency, serve more time than non-indigent defendants. *Davis v. State*, 829 S.W.2d 610, 611 (Mo.App.1992). Under the first exception in Section 558.031.1, a defendant will receive credit for jail time served if the offense is *bailable*, regardless whether the defendant can show he or she could actually have posted bail.

For these reasons, *State ex rel. Blackwell v. Sanders*, 615 S.W.2d 467 (Mo.App.1981), stated that where "the defendant is in jail pending disposition of one charge and detainer is filed against him for another charge," the defendant:

is then entitled to a credit for the time the detainer was in effect on the sentence resulting from the detained crime as well as credit against the sentence resulting from the offense for which he was originally jailed.

*Id.* at 469.

This rationale is fully applicable here. Under subsection 558.031.1(1), because Mr. Lightfoot was in jail pending disposition of

---

**3.** The wording of the subsection itself dictates this result. In relevant part, it states that "[t]ime spent in jail ... because of a detainer ... shall be credited ... even though the person was confined awaiting trial for some unrelated bailable offense."

the Kansas charges relating to bailable offenses when the Missouri detainer was filed against him, he was entitled to credit on his Missouri sentence for the time the detainer was in effect.[4] This rule applies even though Mr. Lightfoot was also confined awaiting trial on unrelated charges in Kansas because those charges were bailable. Accordingly, we affirm the judgment of the court below to the extent it ordered a credit on Mr. Lightfoot's sentence for each day he served in jail from January 25, 1990 through July 20, 1990.

## III. *RETROACTIVE CREDIT FOR CONCURRENT SENTENCES*

■ Mr. Lightfoot also seeks credit for the time he was awaiting transfer out of the Wyandotte County jail from July 20, 1990 until July 30, 1990, and for the time he served in a Kansas prison from July 30, 1990 until his transfer to Missouri on April 10, 1991 to stand trial. Mr. Lightfoot does not invoke or rely upon Section 558.031.1(1) for this credit. It is clear that subsection is not applicable, for upon his conviction of the Kansas charges Mr. Lightfoot was no longer "awaiting trial for some other bailable offense" as required by subsection 558.031.1(1).[5]

Mr. Lightfoot bases his claim that he is entitled to credit for the period from July 20, 1990 through April 10, 1991, on subsection 558.031.1(2), which states:

> Time required by law to be credited upon some other sentence shall be applied to that sentence alone, except that . . . [c]red-

it for jail or prison time shall be applied to each sentence if they are concurrent.

Mr. Lightfoot says that this subsection is applicable because the court which sentenced him on the Missouri charges specifically ordered that his five-year sentences were to be served "concurrently to the sentence or sentences he is serving in the State of Kansas." The parties' disagreement is as to the meaning of the phrase "served concurrently to the sentence or sentences he is serving in the State of Kansas" as used in the judge's order. Mr. Lightfoot contends that the judge's order means that his Missouri sentence must be served concurrently with *all* of his previously imposed Kansas sentence. This would mean that, even though the Missouri sentence was not imposed until June 1991, it must be considered "retroactive" in the sense that it would relate back to the time when he commenced serving his Kansas sentence in July 1990.

The State disagrees with Mr. Lightfoot's analysis. The State first contends that Section 558.031.1(2) does not apply if one of the concurrent sentences was imposed by another state, such as Kansas. In support, the State notes that Section 558.031.1(2) provides that "credit for jail or prison time shall be applied to *each sentence* if they are concurrent" (emphasis added). It suggests that, because a Missouri judge does not have authority to credit a foreign sentence, the judge is thus unable to credit "each sentence" as directed by the statute. Thus, the State contends that the statute applies only where

---

4. Contrary to the State's contention, it is not aided by *Seevers v. State*, 766 S.W.2d 780 (Mo. App.1989), which in turn relied upon *Harkins v. Lauf*, 532 S.W.2d 459, 463 (Mo. banc 1976). *Jones*, 830 S.W.2d at 426, limited *Seevers* to the situation where the defendant failed to file proof of the lodging of a detainer against him, a situation not present here. Moreover, it noted that *Harkins'* holding that credit was not allowed for time served outside Missouri was based on a repealed statute which did not contain a provision comparable to subsection 558.031.1(1).

Here, there was no failure of proof comparable to that in *Seevers*. The detainer was filed in the court below, and the charges under which Mr. Lightfoot was held in Kansas are evident from the record. As noted earlier, those charges are all bailable as a matter of law under the applicable Kansas statutes and constitutional provisions.

*See* K.S.A 22–2802 and Kan. Const., Bill of Rights § 9. Thus, if not for the Missouri detainer, the charges were bailable until his Kansas conviction on July 20, 1990.

5. For this reason, we reject Mr. Lightfoot's argument that he should be given credit on the Missouri sentence because of the policy that indigents who cannot make bail should not be forced to serve a longer term than a person with sufficient resources to make bail. *See Davis v. State*, 829 S.W.2d 610, 611 (Mo.App.1992). The period of time served at issue here is not related to his alleged financial inability to make bail. Mr. Lightfoot was serving time during this period not because he could not make bail but because of the imposition of a sentence in Kansas following guilty pleas on three charges.

both sentences are imposed by Missouri courts.

■ A statute should be given a reasonable interpretation in light of its legislative objective. *State ex rel. Rowland Group, Inc. v. Koehr*, 831 S.W.2d 930, 931 (Mo. banc 1992). We reject the narrow construction which the State offers. *See Property Exchange & Sales, Inc. v. King*, 863 S.W.2d 12, 14 (Mo.App.1993) (statutory language should not be given a strained and narrow interpretation which would defeat purpose of enactment). If the Legislature intended the result the State suggests, it could have stated directly that both sentences must be imposed by Missouri courts. It did not do so. To the contrary, it expressly provided in Section 558.026.3 that a sentencing judge may order a sentence to be served concurrently with a sentence imposed in another jurisdiction. That section states:

A court may cause any sentence it imposes to run concurrently with a sentence an individual is serving or is to serve in another state or in a federal correctional center.

The State's interpretation of Section 558.031.1(2) would render Section 558.026.3 virtually meaningless.[6] On the other hand, both provisions are given effect if we interpret Section 558.031.1(2) to mean that a Missouri judge may order its own sentence to run simultaneously with a sentence from a foreign jurisdiction so as to give the defendant the benefit of the credit otherwise available in Section 558.031.1(2). Presumably, this is what the sentencing court did in the present case.

We find the State's alternative argument more persuasive. The State argues that the court's order meant that the sentences were to be concurrent only *during the period that they were both in existence*. The State suggests that it would lead to absurd results if a

sentence were held to begin to commence before it was imposed.

We agree with the State on this issue. To be sure, the idea of giving credit for time served before a sentence is imposed is neither novel nor unique. As just discussed, such credit is explicitly provided for in Section 558.031 for time the accused has spent awaiting trial for the crime which resulted in the sentence or while held under a detainer awaiting trial on an unrelated or related bailable offense. *See* § 558.031.1(1).

In the absence of such an explicit statutory exception, however, we must be governed by the basic rule that "[t]ime required by law to be credited upon some other sentence shall be applied to that sentence alone." § 558.031.1. While subsection 558.031.1(2) provides for an exception where sentences are ordered to be "concurrent," nothing in the language of that subsection requires that *equal* credit be given on all sentences for jail time served, even if it means giving credit retroactively for time served before the second sentence was imposed. To the contrary, the Missouri Supreme Court specifically stated in *State ex rel. Blackwell v. Sanders*, 615 S.W.2d 467 (Mo.App.1981) that Section 558.031.1(2) "does not specifically say that the same amount of jail time must be applied against each of the concurrent sentences." *Id.* at 469. It thus refused to give the defendant credit for jail time served on a "concurrent" sentence before the defendant was even arrested on the second charge.

Mr. Lightfoot similarly claims that he is entitled to an identical credit on each sentence, even though it would give him credit for the eight months served prior to the time the Missouri sentence was imposed. As *Blackwell* notes, the language of the statute

---

**6.** The State's argument may be based on the fact *State v. Smith*, 633 S.W.2d 253, 254 (Mo.App. 1982), held that "there exists no authority for a Missouri court to order that a sentence imposed by it shall run concurrently with a sentence being served in another state or with a sentence being served in federal custody." "Sentences to penal institutions of different jurisdictions are cumulative and not concurrent." *Id.* Accordingly, *Smith* affirmed the lower court's denial of the

prisoner's request for "retroactive" credit for time served in another jurisdiction under the first of two concurrent sentences. *Smith* did not reach the "retroactive" issue because it ruled that the sentences *could not* be concurrent in the first place. Shortly after *Smith* was decided, the Missouri Legislature amended Section 558.026.3 to grant the sentencing judge express authority to make a Missouri sentence concurrent with a sentence from another jurisdiction.

does not require such a credit.[7]

■ In fact, the well-accepted rule is that the commencement of a sentence is by operation of law and that the judge has *no authority* to make the sentence commence retroactively. *See Johnson v. Haynes,* 504 S.W.2d 308, 310 (Mo.App.1973). *See also Washington v. State,* 10 Ariz.App. 95, 456 P.2d 415 (1969) (noting that court does not have authority to date the sentence to begin before imprisonment). We believe that rule applies here.

Moreover, in *Smith v. State,* 922 S.W.2d 29 (Mo.App. E.D.1996), the Eastern District recently rejected an argument similar to Mr. Lightfoot's. In *Smith,* a criminal defendant based his guilty plea upon the State's recommendation of a seventeen-year sentence for robbery which would run "concurrently" with an unrelated prior sentence for drug possession for which he was already serving. The defendant later claimed to have based his guilty plea upon the erroneous belief that the new seventeen-year sentence "would run retroactively with" and be deemed to have commenced at the same date as the prior sentence for drug possession—the same interpretation of "concurrent" which Mr. Lightfoot asks us to adopt here.

The Eastern District held that the defendant's belief was not only wrong, it was not reasonable. It thus refused to set aside the guilty plea. *Smith* suggests that even though two sentences imposed at different times are ordered to run concurrently, the subsequent sentence does not run retroactively concurrent with a prior sentence.

This is also the approach taken by the limited number of decisions we have been able to find on this issue in other jurisdictions. These cases hold that, even if two

sentences are made to be concurrent, a subsequent sentence does not relate back to a prior sentence for purposes of computing credits and the term of confinement. *See Washington v. State,* 10 Ariz.App. 95, 456 P.2d 415 (1969) (sentences were to run concurrently, but second sentence did not relate back to date of first sentence); *Godwin v. Looney,* 250 F.2d 72 (10th Cir.1957) (no credit for time already served under first sentence even though the two sentences were concurrent; subsequent sentence could not run concurrently with the period of imprisonment served in another jurisdiction pursuant to a prior sentence; "A period cannot be concurrent with a period that anteceded it"). In addition, 24 C.J.S. *Criminal Law* § 1582 at 173 (1989), states:

> Where sentences imposed at different times or for different periods of time run concurrently, the sentences run together during the time that the periods overlap.... [T]he prisoner is not entitled to credit on the later sentence for the period served prior to such sentence, particularly where the sentences are imposed by different courts in different jurisdictions.

This approach makes sense. As noted in *Black's Law Dictionary,* "concurrent" is defined variously as running together, simultaneous, acting in conjunction, and existing together. By definition, the Missouri sentence did not exist together, simultaneously with, or in conjunction with the portion of the Kansas sentence which was served before the Missouri sentence was even imposed.

Finally, if the result sought by Mr. Lightfoot were followed it would upset the expectations of many sentencing judges across the state who would have made sentences run

---

7. Mr. Lightfoot suggests that *Blackwell* nonetheless supports his position because, while it refused to apply the statute to time served prior to the charge resulting in a sentence, the Court did permit the prisoner to be given 64 days credit for time already served in prison on another sentence. This is the very result Defendant seeks here—to be given credit on his Missouri sentence for time already served in a Kansas prison on the Kansas sentences. We decline to consider *Blackwell* as binding precedent on this point, however, for the State apparently did not contest Mr. Blackwell's right to this credit.

Similarly, we do not find determinative *Williford v. Stewart,* 355 Mo. 715, 198 S.W.2d 12 (banc 1946), in which the Missouri Supreme Court, again without discussion, took the opposite approach and calculated credit on the latter of two concurrent sentences on a prospective basis *only* for time served under the prior sentence. In neither case did the Court consider whether credit should have been granted retroactively, for in neither case was the Court apparently asked to do so, as are we in this case.

consecutively if they knew the prisoner would be able to apply time previously served under another sentence as a credit on the new sentence. Consider this example: A prisoner with less than a year left on a 15–year sentence is sentenced to a new 15–year sentence to be "concurrent" with the first one. Under Mr. Lightfoot's position, the prisoner would be entitled to discharge at the end of the original 15–year term and the prisoner would not serve any additional time because of the subsequent sentence which imposed a substantial penalty. This clearly would not have been the judge's intent in making the second sentence concurrent.

For these reasons, we do not believe that Mr. Lightfoot was entitled to a credit under Section 558.031.1(2) for time served in a Kansas prison before his transfer to Missouri for trial on his Missouri charges.

Mr. Lightfoot alternatively suggests that, even if the statute does not *require* us to make his sentence retroactively concurrent with his prior Kansas sentence, we should do so because the sentencing judge, in his discretion, allegedly intended the Missouri sentence to be considered to have commenced at the beginning of the Kansas sentence. The judge's comments and findings on which Mr. Lightfoot relies do not compel this result, however.

Mr. Lightfoot was sentenced in Missouri on June 27, 1991. Eighteen months later, Mr. Lightfoot sought to correct or modify the sentence because, among other reasons, he believed the sentencing judge failed to credit his sentence for pre-sentence jail time served in Kansas. Following an evidentiary hearing on Mr. Lightfoot's motion, on July 8, 1993 the same judge who had two years earlier imposed Mr. Lightfoot's sentence entered certain findings and conclusions.

In his findings, the judge cited to Section 558.031.1(2) and concluded that the State should apply a credit on Mr. Lightfoot's sentence for time served in Kansas after the filing of the detainer. The court, however, correctly recognized that under *State ex rel. Jones v. Cooksey,* 830 S.W.2d 421 (Mo. banc 1992), it lacked jurisdiction to compel such a credit.

The sentencing judge's July 1993 conclusions of law regarding the issue of credit due under Section 558.031.1 do not reflect any intention at the time of sentencing two years earlier that the Missouri sentence be considered to have begun at the time the Kansas sentence commenced. Rather, we interpret his comments as simply indicating that his finding of a credit due for time served after July 21, 1990 was made in recognition that the decisions on this issue from the Missouri courts were not clear and with the "thought that such findings, although not binding, might reduce controversy between the parties, and lead to voluntary changes in the record."

In any event, neither the sentencing judge's later interpretation of his 1991 order, nor an undisclosed intention on his part at the time of sentencing to make the sentence retroactive, are binding on this Court. We are bound by the terms of the statute. For the reasons set out above, we believe that the court below erroneously applied Section 558.031.1(2) in ordering the State to credit Mr. Lightfoot's sentence for each day spent in confinement in Kansas during the period of July 21, 1990 to April 10, 1991.

We affirm that portion of the decision below ordering the State to grant Mr. Lightfoot credit on his Missouri sentence for the time he served in jail in Wyandotte County, Kansas from January 25, 1990 until July 20, 1990. We reverse that portion of the order below requiring the State to give Mr. Lightfoot credit on his Missouri sentence from July 21, 1990 to April 10, 1991, and remand for proceedings in accordance with this decision.

All concur.