Richard M. WRIGHT,
Appellant Pro Se,

v.

DEPARTMENT OF CORRECTIONS,
Respondent.

No. WD 59077.

Missouri Court of Appeals,
Western District.

June 26, 2001.

Richard Wright, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Frank A. Jung, Assistant Attorney General, Jefferson City, for respondents.

Before JOSEPH M. ELLIS, Presiding Judge, HAROLD L. LOWENSTEIN and PATRICIA BRECKENRIDGE, Judges.

ELLIS, Judge.

Richard Wright appeals the dismissal of his petition for declaratory judgment for failure to state a claim upon which relief could be granted.

On July 20, 2000, Wright filed a petition for Declaratory Judgment in the Circuit Court of Cole County, Missouri. In his *pro se* petition, he alleged he was confined in the Missouri Department of Correc-

tions. The petition then generally alleged the following facts. On June 26, 1996, Wright committed the class C felony of forgery (Offense I), for which he was sentenced on January 6, 1997, to five years in the Missouri Department of Corrections. On April 5, 1997, Wright committed the class B felony of burglary in the first degree (Offense II), for which he was sentenced on June 2, 1997, to eight years in the Missouri Department of Corrections. These two sentences were to run concurrently. On July 24, 1998, while serving those concurrent terms, Wright committed the class C felony of tampering with a motor vehicle (Offense III), for which he was sentenced on January 19, 1999, to three years in the Missouri Department of Corrections. This third sentence was to run consecutive to the sentences Wright received for Offenses I and II. Wright further alleged that the Missouri Department of Corrections was improperly interpreting § 558.019, RSMo Cum.Supp.1999, and denying him parole consideration until he served forty percent (40%) of his sentence on Offense III. He asserted the Department's conduct violated the "ex post facto clause of the United States Constitution," as well as the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the plain language of § 558.019, RSMo Cum Supp.1999. Wright's petition prayed for a declaratory judgment that the Department's denial of parole consideration violated all of the constitutional and statutory provisions previously alleged.

On August 2, 2000, thirteen days after the petition was filed and prior to Respondent entering its appearance and filing any motions or responsive pleadings, the trial court, *sua sponte*, dismissed Wright's petition for failure to state a claim upon which relief could be granted. Wright appeals that determination.

In determining the sufficiency of a petition for declaratory judgment, we deem all well-pleaded facts in the petition to be true and construe the averments liberally, drawing all reasonable and fair inferences from the facts pleaded. *Roy v. Missouri Dept. of Corrections,* 23 S.W.3d 738, 742 (Mo.App. W.D.2000). " 'If the allegations in the petition invoke principles of substantive law which, if proved, entitles the pleader to a declaration of rights or status, the pleading is sufficient and must not be dismissed.' " *Id.* (quoting *Kennedy v. Missouri Atty. Gen.,* 922 S.W.2d 68, 70 (Mo.App. W.D.1996)). The petition must contain facts to support its allegations, not mere conclusions. *Id.* "To be ripe for declaratory judgment, a justiciable controversy must exist." *Farm Bureau Town and Country Ins. Co. of Mo. v. Angoff,* 909 S.W.2d 348, 352 (Mo. banc 1995). " 'If the facts demonstrate any justiciable controversy, the trial court should declare the rights of the parties.' " *Roy,* 23 S.W.3d at 742–43 (quoting *Jones v. Carnahan,* 965 S.W.2d 209, 214 (Mo.App. W.D.1998)). "Declaratory judgment actions should not be resorted to for the purpose of giving advisory opinions." *Angoff,* 909 S.W.2d at 353.

The crux of Wright's complaint relates to the legislative amendment of § 558.019 in 1998. Prior to the amendment, § 558.019.2, RSMo 1994, provided:

The provisions of this section shall be applicable to all classes of felonies except those set forth in chapter 195, RSMo, and those otherwise excluded in subsection 1 of this section. For purposes of this section, prior remands to the department of corrections shall not include commitment to a regimented discipline program established pursuant to section 217.378, RSMo. Other provisions of the law to the contrary notwithstanding, any defendant who has plead-

ed guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve the following minimum prison terms:

(1) If the defendant has one previous remand to the department of corrections for a felony offense, the minimum prison term which the defendant must serve shall be forty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first;

(2) If the defendant has two previous remands to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be fifty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first;

(3) If the defendant has three or more previous remands to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be eighty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

The 1998 amendment changed § 558.019.2 to read as follows:

The provisions of this section shall be applicable to all classes of felonies except those set forth in chapter 195, RSMo, and those otherwise excluded in subsection 1 of this section. For the purposes of this section, "prison commitment" means and is the receipt by the department of corrections of a defendant after sentencing. For purposes of this section, prior prison commitments to the department of corrections shall not include commitment to a regimented discipline program established pursuant to section 217.378, RSMo. Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve the following minimum prison terms:

(1) If the defendant has one previous prison commitment to the department of corrections for a felony offense, the minimum prison term which the defendant must serve shall be forty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first;

(2) If the defendant has two previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be fifty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first;

(3) If the defendant has three or more previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be eighty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

§ 558.019.2, RSMo Cum.Supp. (1998) (emphasis in original). As can be seen, the amendment substituted "prison commitment" for "remands" throughout the sec-

tion. In addition, it inserted the second sentence, which provides that "[f]or the purposes of this section, 'prison commitment' means the receipt by the department of corrections of a defendant after sentencing."

Wright's petition alleged that the Department has interpreted and applied amended § 558.019.2 to him by treating his Offenses I and II as "previous prison commitments" to his sentence on Offense III, and is requiring him to serve forty percent (40%) of the three year consecutive sentence on Offense III before being considered for release. He asserted that this interpretation as applied to him was erroneous because he was serving the five and eight year concurrent sentences on Offenses I and II at the time the three year consecutive sentence on Offense III was imposed.

■■■ "A trial court may raise the issue of the sufficiency of a petition *sua sponte* because such defect is jurisdictional." *Kennedy v. Missouri Atty. Gen.*, 920 S.W.2d 619, 621 (Mo.App. W.D.1996). But in deciding whether to dismiss for failure to state a claim upon which relief can be granted, the trial court does not address the merits of the claim. *Sandy v. Schriro*, 39 S.W.3d 853, 856 (Mo.App. W.D.2001). Rather, the court determines whether, under the averments of the petition, the party seeking relief is entitled to a declaration of rights at all. *Id.* at 857. " 'If under the facts pleaded a plaintiff is entitled to declaration of rights at all, the petition is sufficient for that purpose even though it advances a mistaken contention of law.' " *Id.* at 856 (quoting *City of Hannibal v. Marion County*, 745 S.W.2d 842, 845 (Mo.App. E.D.1988)).

■■■ In this case, the trial court raised the issue of the sufficiency of the petition *sua sponte* thirteen days after the petition was filed. Indeed, it did so prior to Re-

spondent entering an appearance or filing any motions or responsive pleadings. As a result of the court's *sua sponte* review, the petition was dismissed for failure to state a claim upon which relief could be granted.

An examination of Wright's petition in the manner prescribed by our standard of review, however, makes it clear that it cannot be said with certainty that he is not entitled to a declaration of rights, duties and obligations under the law as applied to the particular factual circumstances averred in his petition. The allegations make it plain that there is a justiciable issue, in that there is an actual controversy between Wright and the Respondent as adverse parties in fact, which is presently appropriate for judicial determination. Thus, it is apparent that the trial court's dismissal of the petition for failure to state a claim upon which relief could be granted was, in essence, a ruling on the merits of Wright's claim. But "the court cannot dismiss [Wright's] petition for failure to state a claim by finding in favor of respondent on the merits." *Sandy*, 39 S.W.3d at 856. As noted in *Sandy*, a ruling on the merits is procedurally contradictory because it is an implicit acknowledgement that Wright stated a claim for declaratory relief in his petition. *Id.* Dismissal under these circumstances is reversible error. *Id.* at 857.

■■■ While we must reverse the trial court's dismissal of Wright's petition, we express no opinion regarding the merits of Wright's action. Moreover, this opinion should not be read as precluding a trial court from raising the question of the sufficiency of a petition *sua sponte* or from dismissing a petition where the averments do not entitle the plaintiff to a declaration of rights. Rather, we hold only that the trial court's implicit disposition on the merits in this case is not procedurally consistent with a dismissal for failure to state

a claim. "The question is not whether the petition's stated theory demonstrates an entitlement to the declaratory relief sought, 'but rather it is whether under the averments of the petition plaintiff is entitled to a declaration of rights at all.'" *Id.* (quoting *City of St. Peters v. Concrete Holding Co.,* 896 S.W.2d 501, 504 (Mo.App. E.D.1995)).

For the foregoing reasons, the trial court's judgment dismissing Wright's petition for failure to state a claim is reversed and the case is remanded with directions ' "to permit the parties to properly submit the issue for adjudication in a manner consistent with this opinion, either by a motion for summary judgment or by [other appropriate means]." ' *Id.* (quoting *City of Hannibal,* 745 S.W.2d at 846).

All concur.