89 S.W.3d 641 (2002)
In the Interest of T. W., a Minor Child.
No. 07-02-0329-CV.
Court of Appeals of Texas, Amarillo.
August 8, 2002.
Opinion on Overruling of Rehearing September 23, 2002.
Cynthia J. Barela, Amarillo, for appellant.
Sonya Letson, County Attorney (Tina Davis, Assistant County Attorney), Amarillo, for appellee.
Before BOYD, C.J., and REAVIS and JOHNSON, JJ.
DON H. REAVIS, Justice.
Appellant Holly West filed a notice of appeal from the trial court's order terminating her parental rights to her minor son, T.W. The order was signed on March 26, 2002, and the notice of appeal was filed on July 23, 2002. Based upon the rationale expressed herein, we dismiss the purported appeal for want of jurisdiction.
An appeal from an order terminating the parent-child relationship is accelerated and governed by the rules for accelerated appeals in civil cases. See Tex. Fam.Code Ann. §§ 109.002(a) and 263.405(a) (Vernon Supp.2002). Rule 26.1(b) of the Texas Rules of Appellate Procedure provides that in an accelerated appeal, the notice of appeal must be filed within 20 days after the order is signed. Moreover, neither a motion for new trial, a request for findings of fact and conclusion of law, nor any other post-trial motion will extend the deadline for filing a notice of appeal under Rule 26.1(b). See Tex. Fam.Code Ann. § 263.405(c) (Vernon Supp.2002).
The termination order was signed by the trial court on March 26, 2002, and a motion for new trial was filed on April 25, 2002. However, the notice of appeal was not filed until July 23, 2002. Pursuant to Rule 42.3(a) of the Texas Rules of Appellate Procedure, by letter dated July 25, 2002, this Court requested that appellant show cause why the purported appeal should not be dismissed for want of jurisdiction. Counsel for appellant filed a response in which she candidly concedes that the notice of appeal was due to be filed within 20 days after the order was signed. However, counsel argues that appellee (the Texas Department of Protective and Regulatory Services) has not been prejudiced by the untimely notice of appeal and contends that harm, if any, has been waived by the Department's failure to object to the late filing of the notice of appeal. Counsel *642 further argues that the use of the word "may" in Rule 42.3 governing involuntary dismissals in civil cases confers discretion on this Court not to dismiss the appeal. We disagree.
Rule 26.1(b) specifically requires a notice of appeal in an accelerated appeal to be filed within 20 days from the date the order is signed. Although the Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule, Verburgt v. Dorner, 959 S.W.2d 615 (Tex.1997), regarding our jurisdiction, we are prohibited from enlarging the time for perfecting an appeal in a civil case. Tex. R.App. P. 2; see generally Denton County v. Huther, 43 S.W.3d 665 (Tex.App.-Fort Worth 2001, no pet.) (dismissing an accelerated appeal for want of jurisdiction where appellants failed to file their notice of appeal within 20 days after the date the order was signed).
Accordingly, this purported appeal is dismissed for want of jurisdiction.

ON MOTION FOR REHEARING
By opinion dated August 8, 2002, we dismissed this proceeding for want of jurisdiction because the notice of accelerated appeal from an order of termination was untimely filed. On September 4, 2002, appellant filed a motion for extension of time in which to file her motion for rehearing together with her motion for rehearing.[1] We grant the motion for extension of time; however, remaining convinced that dismissal was required, we overrule the motion for rehearing with these additional comments.
By her motion for rehearing, appellant concedes that her accelerated notice of appeal was due to be filed within 20 days after the termination order signed March 26, 2002. However, counsel for appellant admits that she mistakenly proceeded under the ordinary appellate timetable after a motion for new trial was filed and did not file the notice of appeal until July 23, 2002. Relying on Rule 42.3(c) of the Texas Rules of Appellate Procedure counsel argues that dismissal of the appeal was discretionary. Rule 2, however, provides that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal in a civil case.
Counsel also relies on In the Interest of B.G., E.H., and J.M.H., No. 10-02-019-CV, ___ S.W.3d ___, 2002 WL 1339502 (Tex.App.-Waco June 19, 2002, no pet. h.). In the Waco case, appellant filed her notice of appeal on January 10, 2002, from a termination order signed December 14, 2001. The Court notified appellant that although her notice of appeal should have been filed within 20 days, pursuant to Rule 26.3 which provides a 15-day extension, the notice could be considered timely if she offered a reasonable explanation for the delay. Appellant's counsel responded four days later explaining that he was unaware of the Legislature's amendments to the Family Code[2] and that he mistakenly believed that the motion for new trial extended the time for perfecting an appeal. In the underlying case, appellant did not file her notice of appeal within the 15-day window, but instead waited approximately *643 three months after the termination order was signed to do so. Nothing in the Texas Rules of Appellate Procedure provides a remedy for a notice of appeal filed after all deadlines for doing so have expired. Thus, we had no discretion but to dismiss the appeal for want of jurisdiction.
Accordingly, appellant's motion for rehearing is overruled.
NOTES
[1] We do not overlook Rule 49.4 of the Texas Rules of Appellate Procedure which grants us the authority to deny the right to file a motion for rehearing in an accelerated appeal or shorten the time in which to file such motion. However, in the interest of justice we follow the deadlines provided by Rules 49.1 and 49.8.
[2] See Tex. Fam.Code Ann. §§ 109.002(a), 263.405(a), and 263.405(c) (Vernon Supp.2002).